| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | Crystal T. Innabi (SBN: 316434) |
| 4 | ci@sinlegal.com |
|   | 444 West C Street, Suite 230 |
| 5 | San Diego, CA 92101 |
| 6 | Tel: (619) 752-0703 |
|   | Fax: (619) 330-2120 |
| 7 | |
|   | *Attorneys for Plaintiff* |
| 8 | |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL ROMBERG**, an individual, | Case No.: **'18CV1044 BEN JLB** |
| | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| Plaintiff, | |
| | 1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;** |
| v. | |
| | 2.) **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.** |
| **AMERICAN EXPRESS CENTURION BANK;** and **EXPERIAN INFORMATION SOLUTIONS, INC.**, | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. Similarly, the California legislature has enacted the Consumer Credit Reporting Agencies Act, ("CCRAA") in response to the "vital role" credit reporting agencies have assumed in assembling and evaluating consumer credit information and to require those who furnish information on consumers' credit do so "in a manner which is fair and equitable to the consumer." Cal. Civ. Code § 1785.1.

3. Plaintiff, MICHAEL ROMBERG, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, AMERICAN EXPRESS CENTURION BANK, ("AMEX"); and EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN" or collectively as "Defendants") regarding Defendants' failure to maintain reasonable procedures to assure maximum possible accuracy of information contained in a consumer's credit report, and Defendants' furnishing of inaccurate information to credit reporting agencies.

4. As a result, Defendants' actions described herein have caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure and maintain credit. As a

result of Defendants' conduct, Plaintiff was denied several extensions of credit. In addition, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

5. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

6. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, intentional, and malicious, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, any Defendants named in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

9. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

10. At all times relevant, Plaintiff was an individual residing within the State of California.

11. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California.

## PARTIES

12. Plaintiff, MICHAEL ROMBERG, ("Plaintiff") is a natural person who resides in the City of Escondido, County of San Diego, State of California and is a "consumer" as that term is defined by Cal. Civ. Code § 1785.31 and 15 U.S.C. §1681a(c).

13. Defendant, AMERICAN EXPRESS CENTURION BANK, ("AMEX") is a Utah corporation.
14. AMEX is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
15. AMEX, regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about AMEX's transactions or experiences with consumers and therefore is regulated as a "furnisher" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25(a).
16. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is an Ohio corporation.
17. EXPERIAN regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
18. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant(s) to a "consumer credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and/or employment purposes.

///
///
///

## JURISDICTION AND VENUE

19. This action arises out of Defendant(s)' violations of: (i) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*; and (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*

20. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

21. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

22. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

23. The FCRA prohibits a consumer reporting agency from providing a consumer report containing "accounts placed for collection of charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). "The seven year period begins to run 180 days after the account is placed in collection or charged off by the creditor so the effective result is a seven and one-half year period from the original delinquency." *Gillespie v. Equifax Info. Servs., LLC.*, 484 F 3d. 938, 940 (7th Cir. 2007). Therefore, "the seven and one-half year period" begins to run from the date of the original delinquency. *Id.*

24. In order to elicit payment on "bad" debts, some debt collectors have begun to alter the "date of original delinquency" on an account so as to evade the seven and a half year reporting period for a debt, effectively "re-aging" the debt. First, once re-aged, the debt remains on a consumer's credit report, past the time period prescribed by the FCRA, (the "age-off date") and tricks consumers into

paying debts to remove the accounts from their credit report. Second, re-aging debts lists the old debt as a recent debt so as to have a maximum impact on the credit score and credit worthiness of the consumer in order to wrench payment out of the consumer.

25. In or around April of 2014, Plaintiff is alleged to have defaulted on a credit card debt with AMEX, (the "Debt"). Plaintiff's original date of delinquency is allegedly April of 2014.

26. Accordingly, the Debt could only be reported on Plaintiff's consumer credit report until approximately April of 2021.

27. However, AMEX has engaged in "re-aging" of the Debt, so as to illegally cause the trade line to remain on the Plaintiff's EXPERIAN credit report longer than legally permissible.

28. The forgoing instances of Defendants reporting false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt to secure and maintain credit. As a result of Defendants' conduct, Plaintiff has been denied credit and has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

## FACTUAL ALLEGATIONS
## AGAINST AMEX

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Beginning in or around April of 2017, and continuing through the date of this filing, AMEX reported inaccurate information regarding the Debt to "consumer

credit reporting agency(ies)" as that term is defined by Cal. Civ. Code § 1785.3(d).

31. AMEX "re-aged" the Debt and furnished information on Plaintiff's credit report so that the Debt would be reported long after the seven-year statutory limit.

32. Specifically, AMEX "re-aged" the Debt and reported the following:

    a. As reported on Plaintiff's April 5, 2017 EXPERIAN credit report, AMEX cleared the historical data on the Debt, and reported the Debt would remain on Plaintiff's credit report **"until Dec 2023",** placing the date of initial delinquency at or about December of 2016;

    b. As reported on Plaintiff's May 3, 2017 EXPERIAN credit report, AMEX cleared the historical data on the Debt, and reported the Debt would remain on Plaintiff's credit report **"until Jan 2024"**, placing the date of initial delinquency at or about January of 2017;

    c. As reported on Plaintiff's September 25, 2017 EXPERIAN credit report, AMEX of the historical data on the Debt, and reported the Debt would remain on Plaintiff's credit report **"until May 2024"**, placing the date of initial delinquency at or about May of 2017;

    d. As reported on Plaintiff's February 19, 2018 EXPERIAN credit report, AMEX cleared the historical data on the Debt, and reported the Debt would remain on Plaintiff's credit report **"until Oct 2024"**, placing the date of initial delinquency at or about October of 2017.

33. AMEX has been changing the "original date of delinquency" *monthly* so as to ensure the Debt never ages-off the Plaintiff's credit report.

34. This information is false, incomplete, and/or inaccurate as Plaintiff's original date of delinquency was in or around April of 2014, making *any* age-off date other than April of 2021 inaccurate.

35. AMEX knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) AMEX is the original creditor, and

therefore had the correct "original date of delinquency", *i.e.* April of 2014, in their records; (ii) AMEX reported the correct original date of delinquency, *i.e.* April of 2014, to Equifax Information Services, LLC. in April of 2017; (iii) AMEX reported the correct original date of delinquency, *i.e.* April of 2014, to Equifax Information Services, LLC. in February of 2018; (iv) AMEX reported the correct original date of delinquency, *i.e.* April of 2014, to Trans Union, LLC. in April of 2017; and (v) AMEX reported the correct original date of delinquency, *i.e.* April of 2014, to Trans Union, LLC. in February of 2018.

36. Through this conduct, AMEX violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that AMEX knew or should have known was inaccurate and/or incomplete.

37. The forgoing instances of Defendants reporting false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt to secure and maintain credit. As a result of Defendants' conduct, Plaintiff has been denied credit and has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

## FACTUAL ALLEGATIONS
## AGAINST EXPERIAN

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Sometime in late 2017 or early 2018 EXPERIAN deliberately removed all information from consumer's credit reports which would show the date which a debt would age off a consumer's report.

40. EXPERIAN made this change to their credit reports to allow creditors like AMEX to re-age accounts to coerce payments on obsolescent debts.

41. EXPERIAN knew or should have known about the inaccuracy of AMEX's reporting as EXPERIAN had prepared numerous credit reports wherein AMEX reported the Debt with different dates of initial delinquency.

42. Specifically, EXPERIAN prepared more than seven (7) reports between April of 2017 and February of 2018 with each credit report displayed a different "age-off" date and "date of initial delinquency" for the Debt.

43. This information is inaccurate as the Debt's initial date of delinquency was in or around April of 2014, and the age-off date should be consistent and no later than April of 2021.

44. Through this conduct, EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report(s).

45. The forgoing instances of Defendants reporting false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt to secure and maintain credit. As a result of Defendants' conduct, Plaintiff has been denied credit and has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

///
///
///

## FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
### [AGAINST EXPERIAN]

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

48. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
### [AGAINST EXPERIAN]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

51. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

///

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.
### [AGAINST AMEX]

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

54. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

55. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

56. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

57. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit, including loss of housing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such cause(s) of action stated against each Defendant, as follows:

- As a result of Defendant's willful violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendant's negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);

- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.

| | |
|---|---|
| Dated: May 25, 2018 | Respectfully submitted, |
| | **SINNETT LAW, APC.** |
| | BY: /S/ CRYSTAL T. INNABI <br> CRYSTAL T. INNABI, ESQ. <br> ATTORNEY FOR PLAINTIFF |

## TRIAL BY JURY

58. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| Dated: May 25, 2018 | Respectfully submitted, |
| | **SINNETT LAW, APC.** |
| | BY: /S/ CRYSTAL T. INNABI <br> CRYSTAL T. INNABI, ESQ. <br> ATTORNEY FOR PLAINTIFF |